IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LARRY GENE SEWELL | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-132 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Larry Gene Sewell, a prisoner confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation recommending the petition be denied. Docket No. 4.

The Court has received and considered the Report and Recommendation of the Magistrate Judge, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation. Docket No. 5.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner alleges he was denied due process during a disciplinary proceeding. Docket No. 1 at 6. Prisoners are entitled to certain due process rights if a disciplinary proceeding results in a sanction that imposes upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Generally, the only sanction that imposes upon a liberty interest is the loss of good time credits for an inmate who is eligible for release on mandatory supervision and whose release will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

The Magistrate Judge found that the petitioner was not entitled to due process during the disciplinary proceeding because he is not eligible for release on mandatory supervision. Docket No. 4 at 2. The petitioner was convicted of murder and sentenced to life imprisonment in 1985. Docket No. 1 at 2. In his objections, the petitioner contends that upon arriving to prison, he was told that he would be a prospect for release on mandatory supervision based on the mandatory supervision statute in effect at that time. Docket No. 5 at 2. The Texas Court of Criminal Appeals, however, has interpreted the mandatory supervision statute, Article 42.12 of the Texas Code of Criminal Procedure, to provide that inmates sentenced to life imprisonment are not eligible for release on mandatory supervision. *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001). This has been the case since 1981, prior to when the petitioner committed his offense. *Ellason v. Owens*, 526 F. App'x 342, 344 (5th Cir. 2013).

Here, because the petitioner received a life sentence, he is not eligible for release under the Texas mandatory supervision statute. *Id*. Therefore, the disciplinary proceeding did not infringe upon a liberty interest, and the petitioner was not entitled to procedural protections before punishment was imposed.

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed

unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 11th day of January, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE